The People of the State of New York ex rel. W. & J. Sloane, Respondents, v. Edward P. Barker and Others, Commissioners of Taxes and Assessments of the City of New York, Appellants.

*Assessment of the property of a corporation by tax commissioners — refusal to answer questions — deduction of non-taxable assets from debts, improper.*

The action of the commissioners of taxes and assessments in the city of New York, in making an erroneous assessment of the property of a corporation for the purpose of taxation, cannot be justified by the fact that the treasurer of the corporation, when examined before them, pursuant to section 820 of the Consolidation Act, declined to answer questions put by them to him, when it is not shown by the record what questions such treasurer refused to answer nor the subject to which they related.

In ascertaining the taxable property of a corporation, it is illegal for the commissioners to deduct from the indebtedness of the corporation the non-taxable assets thereof.

Appeal by the defendants, Edward P. Barker and others, commissioners of taxes and assessments of the city of New York, from a judgment of the Supreme Court in favor of the plaintiff, dated November 17, 1893, and entered in the office of the clerk of the county of New York upon the report of a referee, and also from an order entered in said clerk's office on the 23d day of October, 1893, directing the cancellation of a certain assessment.

*George S. Coleman*, for the appellants.

*Henry H. Anderson*, for the respondents.

Follett, J. :

W. & J. Sloane is a business corporation organized in January, 1891, under the laws of New York, with a share capital of $3,000,000, all of which has been paid in and all of the shares issued. The principal office or place for transacting the financial business of the corporation is and has been kept at Nos. 880 to 888 Broadway.

In 1892 the deputy tax commissioner, whose duty it was to value the corporation's capital for taxation, valued it at $3,000,000, which assessed valuation was entered in the books of the commissioners of taxes and assessments. Afterwards, and on the 18th of February, 1892, the corporation, by its treasurer, made, verified and filed with the commissioners the following statement :

" Statement made and delivered to the Commissioners of Taxes and Assessments of the City and County of New York, for and in behalf of the corporation of W. & J. Sloane, showing its condition, for the purpose of assessment, on the second Monday of January, 1892 :

" Total gross assets on January 1................ $7,974,698 87
" Capital stock actually paid in, or secured to be
  paid in.................................... 3,000,000 00
" Amount of surplus earnings.................. 300,000 00
" Rate of dividend of last year, or last annual divi-
  dend ..................................... 2 00
" Indebtedness in detail as follows :
  Bonds, loans, bills payable and book accounts.. 5,556,118 00

" Assessed value of real estate (describing particularly by Ward and Ward map numbers) :

| Ward. | Map numbers. | Location. | Assessed value. |
|---|---|---|---|
| " 5th... | 354 to 356, 1732½. | Nos. 407 to 411 Greenwich street and No. 15 Hubert street.... | $57, 500 00 |
| " 15th.. | 1321 to 1323.... | Nos. 14 to 18 West 13th street......... | 37, 500 00 |
| " 18th . | 335 to 339, 4264 to 4266, 4340 to 4344......... | Nos. 880 to 888 Broadway, 33 to 35 East 18th street, 28 to 34 East 19th street..... | 500, 000 00 |
| " 18th . | 4344½, 4345..... | Nos. 36 to 38 East 19th st............... | 40, 000 00 |
| | | | $635, 000 00 |

" Amounts invested in the stocks of other corpora-
  tions which are taxed upon their capital...... $610, 875 00
" Amount invested in U. S. securities........... 400, 000 00
" Imported goods in unbroken packages......... 1, 006, 310 00
" Portion of capital invested in foreign countries
  and in other States...................... 578, 949 34

" (If the stock of the Company is worth *less than par*, state the *actual value*, and give the facts under oath which will justify such estimate of its value.)

" The stock of the Company has no market value, as no sales have been made in open market, and it depends largely upon the personal skill and capacity of the managers.

" The principal office, or the place of transacting the financial business of the said corporation, is situated in the Eighteenth Ward of the City of New York, at Nos. 880 to 888 Broadway."

After this statement was filed, and in February or March, 1892, the treasurer of the corporation was examined before the commissioners, pursuant to section 820 of the Consolidation Act, who thereafter made an assessment upon the following basis:

| | | |
|---|---:|---:|
| Corporation's gross assets ..................... | | $7, 974, 698 87 |
| Deductions allowed by commissioners: | | |
| Corporation had invested in shares of other corporations taxed on their capital ................ | $610, 875 00 | |
| Corporation had invested in U. S. securities .................... | 400, 000 00 | |
| Value of goods imported by the corporation and on hand in unbroken packages............ | 1, 006, 310 00 | |
| | | 2, 017, 185 00 |
| | | $5, 957, 513 87 |
| Indebtedness of corporation...... | $5, 556, 118 00 | |
| Less non-taxable assets (as above).. | 2, 017, 185 00 | |
| | | 3, 538, 933 00 |
| | | $2, 418, 580 87 |
| Assessed value of corporation's real estate...................... | $635, 000 00 | |
| Corporation's property outside of this State.................... | 578, 949 34 | |
| Surplus, 10% on $3,000,000 ...... | 300, 000 00 | |
| | | 1, 513, 949 34 |
| Value of assessable personalty.............. | | $904, 631 53 |

. The assessment was made for $902,631, an error of $2,000 having been made by the commissioners.

Upon what theory the commissioners deducted the sum of $2,017,185, denominated by them "non-taxable assets," from the indebtedness of the corporation is not apparent. This, in effect, was what was attempted to be done in *People* v. *Ryan* (88 N. Y. 142), and was held to be illegal.

The commissioners should have made up their statement as follows:

| | | |
|---|---:|---:|
| Gross assets of corporation, real and personal | | $7,974,698 87 |
| Investments in taxable shares of other corporations. Not assessable. (Chap. 456, L. 1857, § 3.) | $610,875 00 | |
| Investments in U. S. securities. Not assessable. (U. S. R. S. §. 3701; *People* v. *Commissioners*, 90 N. Y. 63) | 400,000 00 | |
| Goods imported by corporation and held in unbroken packages. Not assessable. (*Brown* v. *Maryland*, 12 Wheat. 419; Bur. Tax. 86; Cool. Tax. 61, *et seq.*) | 1,006,310 00 | |
| Property outside of the State. Not assessable. (*People* v. *Commissioners*, 23 N. Y. 224; *Graham* v. *First Nat. Bank*, 84 id. 393.) | 578,949 34 | |
| Surplus on capital stock. Not assessable. (Chap. 456, L. 1857, § 3) | 300,000 00 | |
| Assessed value of real estate to be deducted from gross assets. (Chap. 456, L. 1857, § 3) | 635,000 00 | |
| | | 3,531,134 34 |
| | | $4,443,564 53 |
| Indebtedness of corporation to be deducted from taxable assets. (*People ex rel. Second Ave. R. R. Co.* v. *Barker*, 141 N. Y. 196) | | 5,556,118 00 |
| | | $1,112,553 47 |

After deducting the non-assessable property of the corporation and its assessed real estate from its gross assets, real and personal, its indebtedness exceeds the remainder by $1,112,553.47, as appears by the foregoing statement.

The commissioners now seek to justify their action on the ground that the treasurer of the corporation, when examined before them, declined to answer questions put by them to him. The difficulty with this position is that the record does not disclose the questions which the treasurer refused to answer, nor the subject to which they related. It does not appear that the questions related to the indebtedness of the corporation, and, for aught that appears, they may have related solely to the amount invested in United States securities, and further, the commissioners did not disallow any of the items of the statement made and filed, but found it to be true and made their assessment on the basis of the truth of the statement. If, for example, the treasurer had refused to answer proper questions put by the commissioners in respect to the corporation's indebtedness, or had given evasive or unsatisfactory answers, and the commissioners had found that the indebtedness was less than the amount stated, a different question would have been presented.

The order of the Special Term should be affirmed, without costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Order affirmed, without costs.