(23 Misc. Rep. 188.)

PEOPLE ex rel. DELAWARE & H. CANAL CO. v. BARKER et al.

(Supreme Court, Special Term, New York County. November, 1897.)

1. CORPORATIONS—TAXATION OF CAPITAL STOCK—VALUATION OF REAL ESTATE.
    Where the commissioners of taxes, in assessing the capital stock of a corporation, accept as true its verified inventory as a basis of taxation, they must accept as true a statement made therein that real property situated without the city and county did not exceed in value the sum at which it was assessed.
2. SAME.
    Where the verified inventory contains a statement that the assessed value of real property is unknown, but that its actual value does not

51 N.Y.S.—70

exceed its cost, which is set forth, the tax commissioners are justified in· assessing it at its cost.

**3. SAME—EXEMPT PROPERTY.**

In assessing the capital stock of a railway corporation, real estate situated outside the state must be excluded therefrom.

Certiorari, on relation of the Delaware & Hudson Canal Company, against Edward P. Barker and others, as commissioners of taxes and. assessments of the city of New York, to review the assessment of re-- lator's property.　Assessment reversed.

David Willcox, for relator.

Francis M. Scott, Corp. Counsel (James M. Ward, of counsel), for defendants.

BEEKMAN, J.　The relator insists that the commissioners, in the· process of assessing its capital for purposes of·taxation, had no legal right to include the value of its real estate at any other sum than· its assessed value, or, in other words, to consider the real estate at all as a factor entering into an assessment, under chapter 456 of the Laws of 1857, which regulates the manner of making such assess- ments.　I dissent from this view for the reasons which I have given in the case of People v. Barker, 23 Misc. Rep. 192, 51 N. Y. Supp. 1102,. · and which it is unnecessary here to repeat.　In addition to this, how- ever, a controversy arises over the following items, which are con- tained in the verified statement which was furnished to the commis-- sioners of taxes by the relator:

(1) "Amount invested in real estate situated in the state of New York, but. outside of the city and county of New York, $6,201,233.55.　This sum is the actual cost of said real estate, and the amount at which it is included in the total gross assets of the company, as above stated.　The assessed valuation of the same is $2,559,950.　The actual value of said real estate does not exceed that sum."

Notwithstanding the fact that the commissioners, in their return,. aver that they accepted as true all of the statements of fact contained in the verified inventory submitted by the relator, they have included this real estate in their estimate at· its cost, and, deducting the as- sessed valuation, have thus assessed the relator here, by reason of this item, in the sum of $3,641,283.　This, I think, they had no power· to do.　The verified statement, in express terms, declared that the actual value of the property did not exceed the sum of $2,559,950, at which it had been elsewhere assessed.　This was a statement of fact, which, under the sweeping and unqualified acceptance of all that the verified statement contained, the commissioners were bound by, and should have followed.　Admitting, as they must be held to have· done, that the value did not exceed the sum last mentioned, they· had no right to estimate this property at any higher valuation.

(2) "Further amount invested in real estate situated in the state of New York, but outside of the city and county of New York, $1,080,011.65.　This· sum is the actual cost of said real estate, and the amount at which it is· included in the total gross assets of the company, as above stated.　The· actual value of said real estate does not exceed that sum.　The assessed valuation of the same is unknown."

In a supplementary statement, which is annexed to the return, the relator states that the assessed valuation of this property does not exceed 60 per cent. of its actual cost, as above stated. I find no error in estimating the value of this property at its cost. The latter was a measure of value which the commissioners were entitled to consider, and, from the statement that the value did not exceed the cost, it was a legitimate conclusion that it at least equaled it.

(3) "Amount invested in real estate outside of the state of New York, $13,374,753.10. This sum is the actual cost of said real estate, and the amount at which it is included in the total gross assets of the company, as above stated. The actual value of said real estate does not exceed that sum. The assessed valuation of the same is unknown."

In the supplementary statement which was furnished, it is said that the assessed valuation of this property does not exceed 60 per cent. of its actual cost, as above stated. I am of the opinion that the commissioners should have eliminated this item entirely from the assessment which they made. It is well settled that personal property, having its actual situs outside the state, is not subject to the taxing power of the state; and, where such property is included among the assets constituting the capital or surplus of a corporation, its value must be deducted, in fixing the amount at which such corporation should be assessed for purposes of taxation. People ex rel. Pacific Mail Steamship Co. v. Commissioners of Taxes, 46 How. Prac. 315; People ex rel. Hoyt v. Commissioners of Taxes, 23 N. Y. 224; People ex rel. Trowbridge v. Same, 4 Hun, 595, affirmed 62 N. Y. 630; In re Swift, 137 N. Y. 77, 32 N. E. 1096; People ex rel. Edison Co. v. Campbell, 138 N. Y. 543, 34 N. E. 370; People ex rel. Sloane v. Barker, 76 Hun, 454, 27 N. Y. Supp. 1082. Many other cases may be cited in support of the position, which may be regarded as established beyond question, that tangible property situated without the state is beyond the reach of its taxing power. In recognition of this principle, the commissioners in the case at bar deducted from the gross assets of the relator nearly $4,000,000, under the title of "personal property having a fixed situs outside of the state of New York." I fail to see any difference in principle between the cases of tangible personal property without the state, and real property in other states. The reason which leads to the exemption from taxation in this jurisdiction of the one applies with precisely the same force to the other. It is true that the act of 1857 does not in terms mention real estate in other jurisdictions among the deductible assets; but neither does it do so with respect to tangible personal property having a foreign situs, or stock held in foreign corporations, and yet it is settled that neither can be taxed here. Cases above cited. In People ex rel. Pacific Mail Steamship Co. v. Commissioners of Taxes, supra, the court, in construing chapter 456, Laws 1857, declares that:

"All property, whether real or personal, having its location out of this state is not subject to taxation, and is not, therefore, within the statute."

In the case of In re Swift, Judge Gray says (page 84, 137 N. Y., and page 1097, 32 N. E.):

"The rules of taxation have become pretty well settled, and it is fundamental among them that there shall be jurisdiction over the subject taxed,

or, as it has been sometimes expressed, the taxing power of the state is co-extensive with its sovereignty. It has not the power to tax directly either lands or tangible personal property situated in another state or country."

The cases of People ex rel. Panama R. Co. v. Commissioners of Taxes, 104 N. Y. 240, 10 N. E. 437, and People ex rel. Fairfield Chemical Co. v. Coleman, 115 N. Y. 178, 21 N. E. 1056, are not authorities against the view here taken. In considering these cases, it must be observed that in each the method of assessment adopted has been since disapproved by the court of appeals. People ex rel. Union Trust Co. v. Coleman, 126 N. Y. 433, 27 N. E. 818. But, aside from this, the discussion in each was addressed to the elimination of the real estate held out of this state, and the measure of value which under the circumstances of the case should be adopted for that purpose. In one case the actual cost of the property was adopted; in the other, the assessed value in the foreign jurisdiction was taken. In neither case was the question raised or discussed that the real estate lying in a foreign jurisdiction could not for that reason be taxed here in any form. Without further discussion of cases, I think it clear, on reason and authority, that real property so situated is exempt from taxation here; and for that reason it should be excluded from the assets of the corporation, in assessing its capital. It is deductible as property exempt from taxation, and not under the provisions of the act of 1857, which requires the deduction of the assessed value of real estate from the capital and surplus, which I think must be held to apply only to real property within the state. In this view of the case, the commissioners should have deducted from the gross assets the sum of $13,374,753.10, the cost of the relator's real estate situated out of the state, at which sum it is expressly stated to be included in the reported value of such gross assets.

Having thus determined the points in dispute, it becomes necessary to consider the resultant effect upon the relator's assessment. This will appear from the following statement: The total gross assets of the relator, as shown by its verified statement, amount to $47,708,603.73; its total indebtedness, which must be deducted, is $8,063,710.70; leaving a balance of $39,644,893.03. From this should be taken the difference between the actual value of the real estate within the state, but outside of the city of New York, and its book value as included in the above total of gross assets, which, as has already been shown, the commissioners should have eliminated, amounting to $3,641,283. The balance is the sum of $36,003,610, which includes the capital of the company, namely, $35,000,000, and a surplus of $1,003,610. By the terms of the act of 1857, only so much of the surplus as exceeds 10 per cent. of the capital is taxable. As there is no such excess, the whole surplus must be excluded, leaving the capital of $35,000,000 alone as the basis for the computation of the assessment. But the relator is entitled to the following deductions: Assessed value of real estate in the city of New York, $675,000; assessed value of real estate without the city, but within the state, of New York, $2,559,950; the same (second parcel), $648,006; real estate situated out of the state, included in the estimate of gross assets at its cost, $13,374,753; stocks of other corporations, which

were taxed on their capital, held by relator, $14,208,784; tangible personal property having a fixed situs outside of the state of New York, $3,870,259; amounting in all to the sum of $35,336,752. As this exceeds the amount of the capital forming the basis of the estimate, it follows that the relator should not have been assessed at all with respect to its capital, and that the action of the commissioners should be reversed, and the writ sustained. Ordered accordingly.